Sobrinos de Ezquiaga, demandantes y apelantes, *v.* Andrés Otero Rivera, Baltazar Mendoza, Miguel Nogueras, Francisco Rodríguez y Luis Benet Colón, demandados y apelados.

No. 3858.—*Visto:* Junio 9, 1926.    *Resuelto:* Julio 20, 1926.

1. Prenda *(Pledges)*—Expropiación de la Cosa Dada en Prenda—Enajenación de la Prenda—Acción para Anular la Venta—Bienes Pignorados y Vendidos que Garantizaban Préstamo Anterior.—En este caso se interesó la nulidad de cierta pignoración y venta hecha de unos bienes que se alegaba habían sido, en parte, objeto de un préstamo agrícola anterior. Atendida la prueba *se resolvió:* que los bienes que constituían la garantía del préstamo agrícola no estaban comprendidos en los pignorados y vendidos.

2. Apelación y Error—Revisión—Cuestiones de Hecho, Veredictos y Conclusiones—Conclusiones de la Corte Inferior Sobre la Prueba—Prueba Contradictoria.—Cuando la corte inferior después de apreciar una prueba contradictoria llega a una conclusión de hecho, resolviendo así el conflicto existente a favor de una parte, si un examen de la prueba en apelación lleva a esta corte a igual conclusión que la corte inferior, procede confirmar la sentencia apelada.

SENTENCIA de *Pablo Berga,* J. (Guayama), declarando con lugar la demanda en cuanto a su primera causa de acción, con costas, y sin lugar en cuanto a la segunda. *Confirmada.*

*Acuña & Janer,* abogados del apelante; *B. Fernández García,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

Sobrinos de Ezquiaga demandó a Andrés Otero, Baltazar Mendoza, Miguel Nogueras, Francisco Rodríguez y Luis Benet, al primero reclamándole la suma de $7,053 procedente de un préstamo agrícola, y a los demás para que se declare nula cierta pignoración y venta que les hizo Otero de los mismos bienes que habían sido objeto del préstamo agrícola y preferente el derecho de la demandante a cobrar aquella suma sobre dichos bienes.

En la demanda se alega sustancialmente que en marzo 11, 1921, la demandante hizo al demandado Andrés Otero, formalizándose ante el Juez Municipal de Cayey, un préstamo agrícola por la suma de $7,053, a vencer en julio 31, 1921, dando el último en garantía 400 quintales de tabaco en rama; que a la fecha de constituirse el préstamo, Otero sólo tenía como únicos bienes de su propiedad que garantizaban su solvencia, 1,000 quintales de tabaco del cosecho de 1921 en los cuales estaban comprendidos los 400 quintales que quedaron afectos a dicho préstamo; que la demandante realizó la operación confiando única y exclusivamente en la garantía de los 400 quintales de tabaco y en la seguridad que el demandado Otero los guardaría fielmente en depósito; que en abril 8, 1921, dicho demandado pignoró a favor de los otros demandados los referidos 1,000 quintales de tabaco para garantizarles de una obligación con los mismos contraída por la suma de $24,640.98, a vencer el 30 de junio de 1921, permitiendo que los 1,000 quintales de tabaco pasaran a poder y posesión del demandado Francisco Rodríguez, como depositario; que la demandante al tener conocimiento de la pig-

noración, sugirió al demandado Otero a que le diera nueva garantía para asegurar el cobro de su crédito, o bien restituyera los 400 quintales de tabaco a su poder para que continuara como depositario del mismo, o de no hacer una cosa u otra, diera por vencida la obligación objeto del préstamo agrícola y satisficiera el crédito de $7,053, rehusando dicho demandado cumplir los requerimientos de la demandante por no tener otros bienes ni dinero para satisfacer el préstamo; que allá el 30 de junio de 1921, el demandado Otero vendió a los demás demandados los 1,000 quintales de tabaco, por no haber satisfecho Otero a su vencimiento el crédito de $24,640.98, pero sin hacerse dicha enajenación en pública subasta, y que tanto al tiempo de la pignoración de los 1,000 quintales de tabaco como de su enajenación, todos y cada uno de los demandados sabían y tenían conocimiento positivo que en los 1,000 quintales de tabaco se encontraban los 400 quintales que garantizaban con preferencia a cualquier otro crédito, el crédito contraído por el demandado Otero a favor de la demandante.

En diciembre 10, 1921, la demandante radicó una demanda complementaria en la que se relaciona el procedimiento seguido ante la Corte Municipal de Cayey para el remate de los 400 quintales por haber vencido el préstamo agrícola que los garantizaba, alegándose que en marzo 16 de 1921 el márshal de la corte municipal devolvió el mandamiento de ejecución con la certificación de no haberlo podido cumplimentar por no encontrarse los efectos agrícolas en poder o depósito del demandado Andrés Otero.

A excepción del demandado Andrés Otero, los restantes demandados contestaron tanto la demanda original como la complementaria, negando específicamente que Andrés Otero no tuviese otros bienes ni más tabaco en rama además de los referidos 1,000 quintales dados en prenda, ni que en dichos 1,000 quintales de tabaco estuvieran comprendidos los 400 quintales pignorados a la demandante, alegando en contra-

rio que Andrés Otero tenía otros bienes muebles e inmuebles a la fecha de constituirse el préstamo agrícola.

Establecieron además como defensas especiales que los demandados Baltazar Mendoza, Miguel Nogueras, Francisco Rodríguez y Luis Benet Colón hicieron en común al codemandado Otero un préstamo refaccionario por $24,640.98 para atender a la siembra, cultivo y recolección de la cosecha de tabaco de 1920–1921 y que los 1,000 quintales de tabaco en rama pignorados y comprados posteriormente eran de la cosecha de 1921 y fueron cosechados con el dinero dado en préstamo refaccionario, y que por otro lado, la suma de $7,053 en garantía de la cual fué constituído el préstamo agrícola, no procede de dinero efectivo prestado por la demandante a Andrés Otero en marzo 11 de 1921, sino de efectos vendidos en 1920 por la demandante a la mercantil A. Otero y Hermanos, de la cual era socio gestor Andrés Otero.

[1, 2] Celebrado el juicio, la corte inferior condenó a Andrés Otero a pagar a la demandante la suma de $7,053 y declaró sin lugar la demanda absolviendo de ella a los demás demandados. De este último pronunciamiento apeló la demandante y aunque en su alegato señala la comisión de nueve errores, a nuestro juicio la primera cuestión fundamental que debemos resolver, como previa a los diversos puntos legales que levanta la apelante, es una de hecho en sentido de si los 400 quintales de tabaco que constituyen la garantía del préstamo agrícola fueron comprendidos o nó en los 1,000 quintales que a su vez Otero pignoró y luego vendió a los demandados.

La corte inferior en su opinión resolviendo ese extremo, se expresa así:

"6.—Que el tabaco embargado y dejado en poder de Baltazar Mendoza era de la propiedad particular de éste, no siendo el que dió en garantía Andrés Otero Rivera a favor de Sobrinos de Ezquiaga. Así lo certificó el Márshal Tomás Escalera en su diligenciamiento a la orden de embargo que se practicó a instancias de la demandante. Y si bien el testigo Luis Janer Landrón, abogado de la demandante,

declaró en el juicio que Baltazar Mendoza le manifestó cuando se practicó el embargo que el tabaco era suyo porque Andrés Otero se lo había vendido y que habían tenido que incautarse de todos sus bienes y de la cosecha de 1921 porque le habían servido de fiadores en varias operaciones de préstamo realizadas con anterioridad, esta afirmación, única que existe para demostrar que el tabaco procedía de Andrés Otero, está controvertida por las declaraciones predominantes del propio Baltazar Mendoza, de Francisco Rodríguez y del Márshal Tomás Escalera, y con las escrituras de pignoración y venta de los mil quintales de tabaco, de que estos quedaron en poder de Francisco Rodríguez, como depositario, aunque en el almacén y ranchos de Andrés Otero, en Cidra, y después se los llevó a su almacén, de Las Vegas, en Cayey, y fué vendido, hallándose el tabaco pignorado por Andrés Otero a los demás demandados en pacas, mientras que el embargo en poder de Baltazar Mendoza, como de la propiedad de éste, estaba en estibas. Y además, el propio Andrés Otero, declarando como testigo de la demandante, manifestó que los cuatrocientos quintales de tabaco pignorados por virtud del préstamo agrícola estuvieron en su almacén hasta fines del contrato, pero que después de una petición de quiebra que se presentó ante la Corte Federal contra A. Otero y Hermano, él los vendió en distintas partidas o lotes.''

Puede notarse que la corte inferior llegó a una conclusión negativa después de apreciar la prueba contradictoria, resolviendo el conflicto en favor de los demandados. Y un examen por nuestra parte de la evidencia nos lleva a igual conclusión.

La demandante alegó como elemento esencial de su demanda que ''el demandado Andrés Otero sólo tenía como únicos bienes de su propiedad que garantizaban su solvencia, mil quintales de tabaco, entre los cuales estaban comprendidos los cuatrocientos quintales que garantizaban el préstamo héchole por la demandante al demandado de $7,053.''

La prueba estableció que la demandante había vendido abonos químicos a la mercantil A. Otero Hnos., de Cidra, para la siembra y cultivo de plantaciones de tabaco. Para el pago del precio la mercantil había suscrito y entregado a la demandante varios pagarés. Vencidas estas obligaciones

la demandante gestionó el cobro y fué entonces que el demandado Andrés Otero se hizo cargo de la deuda y se convino que los pagarés montantes a $7,053 fueran substituidos por un préstamo agrícola. La operación había sido propuesta por mayor suma, pero después de examinar el estado financiero de Andrés Otero, según declara Manuel Mendía, gestor de la demandante, y de un examen de las plantaciones por un perito enviado por la demandante, el préstamo agrícola se limitó al montante de las obligaciones mencionadas.

El perito sólo examinó una de las plantaciones que calculó en más de los 400 quintales como base del préstamo agrícola. Rafael González, que fué el perito, en ese extremo dijo: " . . . . le pregunté al Sr. Otero si tenía otro tabaco más y me dice 'sí, yo tengo otra plantación más,' yo le dije 'yo creo que no es necesario verse porque esta plantación que tiene da más de la cantidad.' " También hubo prueba que Andrés Otero tenía además a la fecha del préstamo una finca de 314 cuerdas radicada en Cidra.

No encontramos, por consiguiente, ningún elemento en la prueba que demuestre que la corte inferior cometió error al concluir que los 400 quintales de tabaco que fueron objeto del préstamo agrícola no estaban comprendidos en los 1,000 quintales que fueron pignorados y posteriormente enajenados por Andrés Otero a los demás demandados.

*Por todo lo expuesto, debe confirmarse la sentencia apelada.*